IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INNOCENT OBI, ) | |
| ) | |
| Plaintiff, ) | Case No. 10 C 5747 |
| v. ) | |
| ) | Judge Virginia M. Kendall |
| CHASE HOME FINANCE, LLC ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Innocent Obi ("Obi"), *pro se*, filed suit against Chase Home Finance ("Chase"), alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"); Illinois Consumer Fraud Act, 815 ILCS 505/1 *et seq.* ("ICFA"); Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"); civil conspiracy; intentional infliction of emotional distress; punitive damages; and the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* ("ECOA"). Chase moves to dismiss Obi's Amended Complaint. For the following reasons, the Court grants Chase's Motion to Dismiss regarding Counts I, III, and VIII and dismisses without prejudice Obi's supplemental state law claims in Counts II, IV, V, VI, and VII.

## STATEMENT OF FACTS

The following facts are taken from Obi's Amended Complaint and are assumed to be true for purposes of this Motion to Dismiss. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995).

In connection with property he owns in Chicago, Obi entered into a bank loan on August 26,

2005 brokered by Long Beach Mortgage Corporation.[1]  (Compl. ¶¶ 6, 72.)  At the initial loan signing, Obi did not receive copies of the TILA disclosures or two copies of his right to rescind. (Compl. ¶¶ 88, 89.)  On September 15, 2005, Obi mailed a letter to Washington Mutual informing them that he wanted to rescind the loan.[2]  (Compl. ¶ 91.)  Obi's letter was never responded to. (Compl. ¶ 93.)  Obi's loan eventually came to be serviced by Chase.  (Compl. ¶¶ 8, 10.)

Chase contacted Obi in early 2010 and informed him that he was late in his mortgage payments and offered him the option of a loan modification.  (Compl. ¶ 8.)  Obi entered into a trial loan modification program with Chase in February 2010, pursuant to which his monthly mortgage payments were reduced.  (Compl. ¶¶ 11, 12.)  On June 4, 2010, Chase sent Obi a letter requesting additional documents from Obi to determine his eligibility for a permanent loan modification. (Compl. ¶ 14.)  Obi timely submitted the requested documents on June 10, 2010.  (*Id*.)  On July 23, 2010, Obi called a loan modification professional at Chase who told him his loan modification has been approved and that he would receive a confirmation letter in early August.  (Compl. ¶ 17.)  Later that day, the loan modification specialist called Obi and asked him if he had a pending lawsuit against Chase.  (Compl. ¶ 18.)  Obi responded affirmatively, noting that the suit was regarding

---

[1] At different points in his Amended Complaint, Obi lists both Washington Mutual and Countrywide as the original creditors but more often refers to Washington Mutual as the original creditor.  (Compl. ¶¶ 4, 9.)

[2] Obi alleges that he sent the recission letter to Washington Mutual but that at the time, in September 2005, Washington Mutual was "on transition to Chase."  Obi further alleges that while "Chase has not fully taken over Washington Mutual, both institutions [*sic*] names appeared on billing statements and correspondence sent to Mr. Obi" in 2005.  (Compl. ¶ 92.)  However, in ¶ 10 of his Amended Complaint, Obi states that "around 2008 Plaintiff became the new loan servicer."  The Court presumes Obi meant "Defendant" instead of "Plaintiff," and that Obi is referring to Chase's 2008 purchase, from FDIC receivership, of certain assets and obligations belonging to Washington Mutual.  The Court only notes this for clarification, as both parties agree that Chase took on the loan from Washington Mutual.  *See, e.g., Siwulec v. Chase Home Finance, LLC*, 2010 WL 5071353 at *3, n.1 (D. N.J. Dec. 7, 2010) (Wolfson, J.) (where plaintiff references Chase's purchase of Plaintiff's mortgage from Washington Mutual, the Court can consider the 2008 Purchase and Assumption Agreement between Chase, Washington Mutual and the FDIC).  The Court does not rely on this information for its ruling.

another unit of his in the same building.  (*Id*.)  On August 10, 2010, Obi received a letter from Chase denying his loan modification.  (Compl. ¶ 19.)  The letter stated that Obi's permanent loan modification was denied because he failed to submit the documents requested in the June 4, 2010 letter.  (*Id*.)  Since receiving the denial letter, Obi has also noticed erroneous charges and unjustified fines in his Chase account of over $6,000.  (Compl. ¶ 29.)  Obi's attempts to clarify those charges and the denial of his loan modification—including phone calls and speaking to a representative at a local branch office—were unsuccessful.  (Compl. ¶¶ 25-34.)

Obi issued two letters to Chase—in August and September 2010—demanding that Chase cease its practice of sending collection notices to him.  (Compl. ¶¶ 78, 79.)  Obi alleges that Chase disregarded these letters and continued to send him collection notices.  (Compl. ¶ 79.)

Obi filed an emergency petition in this Court on September 10, 2010, which Chase moved to dismiss on October 5, 2010.  The Court dismissed the petition for failure to state a cognizable claim on October 12, 2010.  On October 27, 2010, Obi filed an Amended Complaint, which Chase moved to dismiss on November 16, 2010, including several exhibits with its Motion.  The Court does not consider Chase's exhibits in ruling on its Motion to Dismiss.  Obi's response to the Motion to Dismiss comprises over 100 pages, including additional claims, exhibits, and a further amended complaint.  The Court will not consider Obi's additional claims, exhibits, or his proposed amended complaint in its ruling.  *See Harrell v. U.S.*, 13 F.3d 232, 236 (7th Cir. 1993) (party opposing a motion to dismiss may not amend the complaint by way of arguments made in a brief).

**<u>STANDARD OF REVIEW</u>**

Complaints by *pro se* litigants are to be generously construed and not held to the stringent standards expected of pleadings drafted by lawyers.  *See McCormick v. City of Chicago*, 230 F.3d

319, 325 (7th Cir. 2000). A *pro se* litigant can, however, "plead him/herself out of court" by alleging facts that defeat the claim otherwise presented in the complaint. *Lekas v. Briley*, 405 F.3d 602, 613-14 (7th Cir. 2005).

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the plaintiff. *See Murphy*, 51 F.3d at 717. To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In analyzing whether a complaint has met this standard, the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines if they plausibly give rise to an entitlement to relief. *Id.* A claim has facial plausibility when the pleaded factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See id.* at 1949.

Rule 9 provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Red. R. Civ. P. 9. This heightened pleading requirement was intended to protect against the "great harm to the reputation of a business of a firm or other enterprise a fraud claim can do." *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). Pursuant to Rule 9, a plaintiff must set forth "the who, what, when, where, and how" of the alleged fraud. *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

<u>**DISCUSSION**</u>

**I.  TILA**

Chase moves to dismiss Count I of Obi's Amended Complaint, which alleges a violation of TILA, as time-barred and inapplicable to Chase because it is a loan servicer, not a creditor, and because the transaction involves a residential mortgage.

**A.      Proper Disclosures at Loan Signing**

Obi alleges that he was not provided with the proper disclosures when he signed the loan on August 26, 2005.

TILA imposes liability on creditors. 15 U.S.C. § 1640(a).  TILA expressly disclaims liability for servicers "unless the servicer is or was the owner of the obligation." *Id*. § 1641(f)(1).  TILA permits an individual to assert a claim against a creditor for disclosure violations within one year from the occurrence of the violation. *Id.* §§ 1640(a), 1640(e).  A borrower typically has three days to rescind a loan following execution of the transaction or delivery of the required disclosures. *Id.* § 1635(a).  This right to rescind is extended to three years after the date of consummation of the transaction if any of the required disclosures are not delivered to the borrower. *Id.* § 1635(f).  A transaction is consummated on the date the loan is closed. *See, e.g., Personius v. Homeamerican Credit, Inc.*, 234 F. Supp. 2d 817, 820 (N.D. Ill. 2002) (plaintiffs become contractually obligated on the closing date of their mortgages).

Here, Obi's claim that he was not provided with the appropriate documents at signing is time-barred because he filed suit on September 10, 2010, over four years from the date of the loan signing. Obi is therefore time-barred from pursuing a claim against Chase for the creditor's alleged failure

to provide the appropriate documents and disclosures at the time of signing.[3]

### B.      Recission

Obi also alleges that he mailed a letter of recission to Washington Mutual on September 15, 2005, which the creditor received on September 21, 2005.  Obi claims that his letter gave the creditor timely notice of his election to rescind the loan.  While Obi claims he mailed a letter to his creditor asking for recission within weeks of signing the loan, he did not seek to rescind the loan in court until over four years had passed since the signing.

TILA permits no federal right to rescind after the three-year period of § 1635(f) has run.  *See Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 419 (1998) (borrowers could not assert a right to rescind as an affirmative defense in an action to collect brought more than three years after the transaction).  Section 1635(a) requires a borrower who wishes to rescind his transaction to notify the creditor of his intent to do so.  15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(a)(2) ("[T]he consumer shall notify the creditor of the recission by mail, telegram, or other means of written communication").  Pursuant to TILA, a creditor must respond to the notice of recission within twenty days.  15 U.S.C. § 1635(b); *see, e.g, Hubbard v. Ameriquest Mortgage Co.*, 624 F. Supp. 2d 913, 920-21 (N. D. Ill. 2008) (notice given to creditor of intent to rescind also applies to assignee even if creditor, and not assignee, responds to request).  If the creditor denies recission or fails to respond to the borrower within twenty days of receipt of notice of the borrower's intent to rescind, the borrower has one year to seek damages under TILA.  *Id*. § 1640(e); *see, e.g., Johnson v. Long Beach Mortgage Loan Trust 2001-4*,

---

[3] Other district courts have specifically held that Chase is not liable for issues arising out of the origination of loans made by Washington Mutual which Chase purchased from FDIC receivership in 2008.  *See, e.g., Tang v. Cal. Reconveyance Co.*, 2010 WL 5387837 at *3 (N.D. Cal. Dec. 22, 2010) (Koh, J.) (dismissing with prejudice all borrower-related claims against J.P. Morgan Chase because those charges were only valid against the receiver, the FDIC).

451 F. Supp. 2d 16, 40 (D.D.C. 2006) (creditor's denial of recission or failure to respond to recission within twenty days "gives rise to a potential violation under TILA and commences the running of TILA's one year statute of limitations").

While the Seventh Circuit has held that § 1635(f) is a statute of repose that is not jurisdictional, it has not yet addressed whether a borrower's letter notifying the creditor of his desire to rescind tolls the deadline to file suit. *See Doss v. Clearwater Title Co.*, 551 F.3d 634, 639 (7th Cir. 2008) ("In our view there is nothing jurisdictional about § 1635(f)'s period of repose."). There is a split of authority as to whether § 1635(f) requires a borrower to file a recission claim within three years after the consummation of a transaction or whether the borrower need only assert his right to rescind to a creditor within that three-year period. *See, e.g., Briosos v. Wells Fargo Bank*, --- F. Supp. 2d ----, 2010 WL 3341043 at *4-5 (N.D. Cal. Aug. 25, 2010) (Beeler, M.J.) (collecting cases); *Sam v. Am. Home Mortgage Serv.*, 2010 WL 761228 at *2 (E.D. Cal. Mar. 3, 2010) (Karlton, J.) (finding that a borrower's notice of recission to a creditor within three years was irrelevant if borrower did not also file suit within three years); *Jackson v. CIT Group/Consumer Finance, Inc.*, 2006 WL 3098767 (W.D. Pa. Oct. 30, 2006) (McVerry, J.) (finding borrower's timely letter to creditor accomplished recission so lawsuit need not be filed within three years of consummation of loan).

The Court is persuaded by the weight of authority finding that a borrower may assert his right to rescind either through a letter to a creditor within three years of the transaction or through a lawsuit filed within three years of the transaction. *See, e.g., In re Hunter*, 400 B.R. 651, 661-62 (N.D. Ill. 2009) ("TILA does not require a lawsuit to exercise the right to rescind; the statute clearly states that recission is accomplished 'by notifying the creditor . . . of his intention to do so'"). If,

however, the borrower elects to exercise the right to rescind by sending a letter to the creditor within three years of the consummation of the loan, but does not also file suit, that borrower has one year from the denial of the request, or one year from the twenty-day period that the creditor has to respond, to file a suit for damages pursuant to § 1640(e).  15 U.S.C. § 1640(a) (any creditor who fails to comply with any requirement imposed under § 1635 is liable for damages).  If the borrower fails to file a damages suit within that one-year period, the borrower may still file a TILA claim pursuant to § 1635(f) within three years of the consummation of the loan if the borrower alleges that the proper disclosures were not made at the time of signing.  *See Beach*, 523 U.S. at 419.  The Court finds that this approach is consistent with the statute, *Beach*,  and *Doss*, and that it provides fair notice to borrowers and creditors of pending claims.  This approach also limits the period during which a borrower may bring suit; it prevents a borrower from mailing a letter to rescind within three years of consummating a loan and then waiting indefinitely to file suit.  The Court, however, need not address at this time whether the one-year period under § 1640(e) tolls the three-years provided for under § 1635(f) in the case of a borrower sending a letter asserting a right to rescind more than two years after the consummation of the loan, thus allowing for the one-year period to seek damages to extend beyond the three-years provided for in § 1635(f) and into the fourth year.  *See, e.g, Hunter*, 400 B.R. at 662 (finding that where a borrower timely exercises his right to rescind the loan by sending a letter to a creditor, § 1635(f) "is not a limitation on the filing of suit to enforce that right" and the borrower may file suit in the fourth year).

Here, Obi claims he mailed a letter to the creditor asserting his right to rescind the loan on September 15, 2005 and that the creditor received notice of this on September 21, 2005.  After twenty days, on October 11, 2005, Obi had not received a response from the creditor—in fact, Obi

never received a response. Therefore, Obi had until October 11, 2006 to file a suit for damages pursuant to § 1640(e). Obi also had until August 26, 2008 to file a suit pursuant to § 1635(f) based on the loan consummation date of August 26, 2005 and the creditor's alleged failure to provide him with the proper disclosures at that time. Obi did neither and instead waited until September 10, 2010 to file suit and allege a TILA violation. As such, Obi's TILA claims are time-barred under § 1635(f) and § 1640(e). The Court grants Chase's Motion to Dismiss Count I of the Amended Complaint.

## II. FDCPA

Chase moves to dismiss Count III of Obi's Amended Complaint because it is not a debt collector or, alternatively, because Obi waived his earlier directive that Chase cease communication with him.

The FDCPA regulates when and where a debt collector may communicate with a debtor; restricts whom a debt collector may contact regarding a debt; prohibits the use of harassing, oppressive, or abusive measures to collect a debt; and bans the use of false, deceptive, misleading, unfair, or unconscionable means of collecting a debt. 15 U.S.C. § 1692. For the FDCPA to apply, however, the defendant must qualify as a "debt collector," which the FDCPA defines as any person who "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts" or who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Id. § 1692a(6). "[T]he term [debt collector] includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." Id. The term does not include "any person collecting or attempting to collect any debt owed or due . . . to another . . . to the extent such activity . . . concerns a debt which was

not in default at the time it was obtained by such person." *Id*.

Here, Obi conclusively alleges that Chase is a "debt collector" but he does not provide any evidence of this. Nor does Obi claim that Chase's principal purpose is debt collection or that Chase contacted him about his debt using a name other than Chase. *See Gburek v. Litton Loan Serv. LP*, 614 F.3d 380, 386 at n. 3 (7th Cir. 2010) (a letter bearing a disclaimer identifying it as an attempt to collect a debt "does not automatically trigger the protections of the FDCPA"). Moreover, according to Obi's Amended Complaint, he was not late on any payments until early 2010, which was after Chase began servicing his loan. Therefore, Chase was contacting Obi, using its own letterhead, because of a loan that was not in default at the time Chase began servicing it. As such, the Court finds that Chase is not a debt collector under the FDCPA and grants Chase's Motion to Dismiss Count III.

## III. ECOA

Chase moves to dismiss Count VIII of Obi's Amended Complaint because it is not a creditor as defined by the ECOA, Obi is not an applicant as defined by the ECOA, Chase promptly notified Obi of any adverse actions that it was taking, and because there is no private right of action under the statute.

The ECOA prohibits creditors from discriminating against any applicant with respect to any aspect of a credit transaction on racial and other discriminatory grounds. 15 U.S.C. § 1691(a). A creditor is defined broadly as one who, "in the ordinary course of business, regularly participates in a credit decision." 12 C.F.R. § 202.2(1). The ECOA defines "applicant" as "any person who applies to a creditor directly for an extension, renewal, or continuation of credit, or applies to a creditor indirectly by use of an existing credit plan for an amount exceeding a previously established credit

limit." 15 U.S.C. § 1691a(b). A borrower who receives an offer by a creditor to modify the borrower's loan "'received an extension of credit' and thus became an 'applicant' under 12 C.F.R. § 202.2(e)." *Estate of Davis v. Wells Fargo Bank*, --- F.3d ----, 2011 WL 93030 (7th Cir. Jan. 12, 2011). Pursuant to the ECOA, creditors must provide notice and a statement of reasons within thirty days for each adverse action taken against an applicant with a completed application. *Id.* § 1691(d). The ECOA has a two-year statute of limitations. *Id.* § 1691e(f).

Here, Obi claims Chase violated the ECOA when it denied his loan modification and failed to provide notice of its adverse actions. As these actions arise out of Obi's trial loan modification and the eventual denial of a permanent loan modification, both of which occurred in 2010, Obi's ECOA claim was timely filed. Nonetheless, Obi's ECOA claim fails because he does not allege that the terms of the modification or its subsequent denial were motivated by his membership in a protected class. 15 U.S.C. § 1691(a)(1) ("ECOA protects against discrimination on the basis of "race, color, religion, national origin, sex or marital status, or age"). In fact, Obi alleges that Chase denied his loan modification in retaliation for another lawsuit that Obi had filed against Chase concerning a separate apartment unit. Obi does not allege that the other lawsuit arose out of the "good faith exercise[]" of an ECOA right. *Id.* § 1691(a)(3). Therefore, while Obi is an applicant as defined by the ECOA, his Amended Complaint fails to state a claim under the ECOA and the Court grants Chase's Motion to Dismiss Count VIII.

## CONCLUSION AND ORDER

Obi's TILA claim is time-barred, his FDCPA is improperly against Chase, and he fails to state an ECOA claim. As such, the Court grants Chase's Motion to Dismiss as to Counts I, III, and VIII. Obi's remaining claims—Counts II, IV, V, VI, and VII—are all brought under state law. The Seventh Circuit consistently has stated that "it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly*, 193 F.3d 496, 501 (7thCir.1999). Finding no justification for departing from that "usual practice" in this case, the Court dismisses without prejudice the supplemental state law claims asserted in Counts II, IV, V, VI, and VIII of Obi's Amended Complaint.


So ordered.


_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: February 8, 2011